**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ANGELA WILLIAMS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 25-1945** |
| **GELCO FLEET TRUST, ET AL.** | **SECTION: "G"(4)** |

**ORDER AND REASONS**

Before the Court is Defendants Rexel USA, Inc. and Samuel Tesh's (collectively, "Defendants") Motion to Extend Expert Disclosure Deadline.[1] The instant motion was filed on July 24, 2026, with the submission date set for August 19, 2026.[2] Defendants move the Court to extend the expert disclosure deadline from July 24, 2026 to September 24, 2026 "due to ongoing and outstanding unresolved discovery matters."[3] Specifically, Defendants aver that a central issue in this matter is "whether Plaintiffs, Kori Williams and Khalilah Williams, were occupants of the vehicle at the time of the accident."[4] Defendants assert that they have "retained an expert telecommunications engineer that specializes in cellular network technology to confirm the locations of all three plaintiffs on the date of the accident."[5] Further, Defendants contend that "due to unforeseen circumstances, including Plaintiffs' failure to timely provide the properly-executed authorizations to obtain the cellular telephone records, Defendants have been unable to obtain the

---

[1] Rec. Doc. 29.

[2] Rec. Docs. 29, 30.

[3] *Id.* at 1.

[4] Rec. Doc. 29-1 at 1.

[5] *Id.*

requisite cellular telephone records to submit to their expert[.]"[6] Therefore, Defendants aver that they have been "unable to, and will be unable to, fully disclose their expert's written opinions prior to the current expert disclosure deadline."[7]

Defendants go on to assert contradictory positions, stating that "no continuance of trial should be necessary. Defendants request only a limited extension of the expert-disclosure deadline to September 24, 2026, while trial remains scheduled for November 2, 2026."[8] However, Defendants then request that the Court continue "the current [t]rial and [p]re-[t]rial deadlines, and reset the trial for the next available date convenient for the Court."[9]

Pursuant to Local Rule 7.5, opposition to the motion was due on August 9, 2026. To date, no opposition to the motion has been filed, and the motion is therefore deemed to be unopposed. This Court has the authority to grant an unopposed motion, although it is not required to do so.[10]

Despite the lack of opposition from Plaintiffs, Defendants filed a reply brief on August 14, 2026.[11] Therein, Defendants assert that "[s]ince the filing of Defendants' original Memorandum in Support, Defendants have encountered even more delay despite Defendants' ongoing diligence."[12] Specifically, Defendants aver that Plaintiff Khalilah Williams provided an authorization for AT&T to release her cellphone records, that Defendants used to issue a Notice

---

[6] *Id.* at 1–2.

[7] *Id.* at 2.

[8] *Id.* at 6.

[9] *Id.*

[10] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993).

[11] Rec. Doc. 31.

[12] *Id.* at 2.

of Records Only Deposition to AT&T requesting a copy of Ms. Williams's cellphone records.[13] Defendants contend that thereafter AT&T objected to Defendants legal demand "because the Name and Phone Number referenced do not match [their] records."[14] Thus, Defendants assert they are "unable to meet the relevant scheduling order deadline[,]" and request that the Court continue the current trial and pre-trial deadlines, and reset trial for the next available date.[15]

Federal district courts have the inherent power to enforce their scheduling orders,[16] and Federal Rule of Civil Procedure 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[17] Whether to grant or deny a continuance is within the sound discretion of the trial court.[18] In deciding whether to grant a continuance, the Court's "judgment range is exceedingly wide," for it "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's."[19]

Here, the Court finds that Defendants have established good cause for a continuance of the expert disclosure deadline. However, the Court finds that Defendants have not established good cause for a continuance of trial or the other pretrial deadlines at this time. Defendants have explained in sufficient detail why they require Plaintiffs' relevant phone records from AT&T, that

---

[13] *Id.*

[14] *Id.* (alteration in original).

[15] *Id.* at 3.

[16] *See Flaska v. Little River Marine Const. Co.*, 389 F.2d 885, 886 & n.3 (5th Cir. 1968) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)).

[17] Fed. R. Civ. P. 16(b)(4).

[18] *United States v. Alix*, 86 F.3d 429, 434 (5th Cir.1996).

[19] *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (internal citations omitted).

they have yet to receive. Because Defendants' expert needs those records to complete his expert report a continuance of the July 24, 2026 expert disclosure deadline is appropriate. However, the new expert disclosure deadline requested by Defendants is over one month away on September 24, 2026. Defendants fail to explain why they would be unable to obtain the relevant cellphone records and produce their expert's report by the September 24, 2026 deadline, if the parties work diligently to resolve this issue. Thus, the Court grants the motion to the extent that it seeks a continuance of the expert disclosure deadline and denies it in all other respects. If it becomes evident that despite due diligence Defendants will be unable to meet the September 24, 2026 expert disclosure deadline, they may move the Court for a continuance of trial and/or pretrial deadlines at that time.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Extend Expert Disclosure Deadline[20] is **GRANTED IN PART AND DENIED IN PART.** The motion is granted to the extent it seeks a continuance of Defendants' expert disclosure deadline. The motion is denied in all other respects.

**IT IS FURTHER ORDERED** that Defendants' expert disclosure deadline is continued from July 24, 2026 to September 24, 2026.

**NEW ORLEANS, LOUISIANA**, this 18th day of August, 2026.

Nannette Jolivette Brown

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[20] Rec. Doc. 29.